NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

DURANT SPORTSWEAR, INC., Respondent.

No. 22077.

United States Court of Appeals Fifth Circuit.

April 5, 1966.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Richard S. Rodin, Atty., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Stephen B. Goldberg, Martin R. Ganzglass, Attys., N. L. R. B., Washington, D. C., for petitioner.

C. Dale Stout, Kullman & Lang, New Orleans, La., for respondent.

Before BROWN, BURGER,* and WISDOM, Circuit Judges.

PER CURIAM:

The Board seeks enforcement of its order finding the Employer guilty of § 8 (a) (1) interference and § 8(a) (3) discriminatory discharge of Employee Ann Otts.

Once the testimony is credited that the asserted inquiries were made and the words were spoken by those having the voice of management, N. L. R. B. v. Ferguson, 5 Cir., 1958, 257 F.2d 88, the § 8(a) (1) violations are flagrant. More than that, discriminatee Otts was either the object—or at least a bystander participant—of several of the coercive exchanges of such supervisors as Harris and Reed.

In this setting of coercive conduct which "broke every rule in the book," N. L. R. B. v. American Mfg. Co., 5 Cir., 1965, 351 F.2d 74, 78, such "anti union bias and demonstrated unlawful hostility" were "proper and highly significant factors for Board evaluation in determining motive," N. L. R. B. v. Dan River Mills, Inc., 5 Cir., 1960, 274 F.2d 381, 384. And so, too, as to the knowledge by top management directing the discharge that Ann Otts was a strong union adherent. These inferences were strengthened by the complete absence of any factual basis for the reason assigned for the discharge of Ann Otts. Whatever doubts or anxieties there might have been on Wednesday, August 7, concerning her absence from work and its operational consequences in the short-handed shipping department, it was known to a certainty at the time of discharge on Friday, the 9th, that she had properly reported her absence due to illness, she had consulted a doctor late on the 7th, and the doctor had certified her illness.

Order enforced.

* Of the District of Columbia Circuit, sitting by designation.